# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LEON HOPTON, | Case No. 1:14-cv-01712-SKO (PC) |
| Plaintiff, | ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE |
| v. | |
| FRESNO COUNTY SHERIFF, et al., | (Doc. 8) |
| Defendants. | |

Plaintiff Jose Leon Hopton, a prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 3, 2014. On July 13, 2015, the Court dismissed Plaintiff's complaint and ordered Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only on the claim found to be cognizable, within thirty days. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e). Plaintiff was warned that if he failed to comply, this action would be dismissed, without prejudice, for failure to obey a court order. More than thirty days have passed, and Plaintiff has not complied with or otherwise responded to the order.[1]

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action,

---

[1] On July 21, 2015, the United States Postal Service returned the order as undeliverable. A notation on the envelope indicates that Plaintiff is no longer in custody. However, Plaintiff has not notified the Court of any change in his address. Absent such notice, service at a party's prior address is fully effective. Local Rule 182(f).

1 the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the
2 court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
3 favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In*
4 *re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal
5 quotations and citations omitted).  These factors guide a court in deciding what to do, and are not
6 conditions that must be met in order for a court to take action.  *Id.* (citation omitted).

7    Based on Plaintiff's failure to comply with or otherwise respond to the Court's order, the
8 Court is left with no alternative but to dismiss the action for failure to prosecute.  *Id.*  This action
9 can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and
10 the action cannot simply remain idle on the Court's docket, unprosecuted.  *Id.*  Accordingly, this
11 action is HEREBY DISMISSED, without prejudice, for failure to obey a court order and failure to
12 prosecute.

IT IS SO ORDERED.

Dated:    **September 4, 2015**                    **/s/ Sheila K. Oberto**
                                                  UNITED STATES MAGISTRATE JUDGE